

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 6, 1962

Honorable Thomas S. Bishop
Major General, Tex ARNG
Adjutant General of Texas
Austin, Texas

Opinion No. WW-1345

Re: Authority of the City of
Palacios acting as agent
for the State of Texas to
sell certain tracts of
land known as the camp
site for Camp Hulen,
Texas, in whole or in
part for industrial sites
under S.B. 95, Acts 57th
Leg., Third Called Ses-
sion, 1962, Ch. 10, p. 25.

Dear General Bishop:

In a recent request for an opinion of this office,
you state that under the provisions of S.B. 95, Acts 57th Leg.,
Third Called Session, 1962, Ch. 10, p. 25, the City of
Palacios was designated as agent of the State of Texas for
the purpose of consummating the sale or lease of certain tracts
of land comprising Camp Hulen, Texas. You state further that
the City of Palacios desires to obtain sea shell from Camp
Hulen.

You then ask:

First, does the City of Palacios
have authority under S.B. 95 to sell
sea shell or improvements such as
concrete slabs and buildings from Camp
Hulen?

Second, is the City of Palacios
required to sell or lease the Camp
Hulen property in whole or in part as
an industrial site?

Section 1 of S.B. 95 authorizes the City of Palacios
to act as agent for the State for the purpose of selling and
transferring or leasing "certain tracts of land and all
improvements thereon. . . ."

Such agency appointment for the purpose underlined above is an appointment for the conjunctive purpose of selling or leasing the land in question with the improvements thereon; not an appointment for the disjunctive purpose of selling or leasing the property piece meal.

Section 2 of said Bill authorizes the City of Palacios as agent for the State to sell or lease the property in question in whole or in part "as an industrial site. . . ."

Thus, by the terms of Section 2, the City of Palacios must sell the property in whole or in part as an industrial site. This view is further evidenced by the emergency clause, Section 5 of said Senate Bill. Section 5 states in part that such property:

> "Constitutes an industrial site ideally situated for industrial development, and . . . that the sale of such property as an industrial site will inure to the benefit of the State of Texas. . . ."
> (Emphasis added.)

Therefore, we answer your first question no, the City of Palacios does not have authority to make sales of sea shell, concrete slabs or buildings piece meal from Camp Hulen under the authority of S.B. 95.

We answer your second question yes, the City of Palacios is required by S.B. 95 to sell the Camp Hulen camp site in whole as an industrial site or else in part as an industrial site.

## SUMMARY

The City of Palacios under the grant of authority contained in S.B. 95, Acts 57th Leg., Third Called Session, 1962, Ch. 10, p. 25, is not authorized to sell sea shells, concrete slabs or buildings from Camp Hulen piece meal, but is

authorized to sell or lease in
whole as an industrial site or
in part as an industrial site.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Milton Richardson

Milton Richardson
Assistant

MR:ljb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Howard Mays
Iola Wilcox
John Reeves
Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore